IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

No. 23 CR 511

v.

Magistrate Judge Sunil R Harjani

RAJIH RAFEE DONLEY

## MEMORANDUM OPINION AND ORDER

During an initial appearance hearing on October 6, 2023 before this Court, the government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2). Defendant informed the Court that he wished to waive his right to a detention hearing at that time, without prejudice to his right to ask for a hearing again in the future. The Court recognizes that federal courts in this district and nationwide have generally accepted this practice of permitting a defendant to waive a detention hearing and have subsequently detained a defendant pending trial without a hearing. However, this Court finds that accepting such a waiver conflicts with the text of the Bail Reform Act of 1984, which mandates detention hearings for all defendants when the government seeks detention pending trial. As a result, the Court denied Defendant's request to waive the hearing. Instead, the Court held a detention hearing to consider the issue of detention, and heard the government's basis for detention and a proffer of the evidence supporting that basis. Defendant did not contest the government's proffer and did not object to detention at that time, but reserved the right to request the hearing be reopened at a later time under the provisions of 18 U.S.C. § 3142(f). The Court then detained Defendant and issued its written findings and statement of reasons for detention. The Court submits that this process is the correct statutory framework and procedure for courts to follow when a defendant wishes to not contest detention. The Court issues this opinion to explain its rationale for declining to accept a pretrial detention hearing waiver and for holding a detention

hearing in all cases where the government seeks a hearing and the Court finds a valid basis for such a hearing under 18 U.S.C. § 3142(f).

**DISCUSSION**

As a general matter, detention pending trial is warranted only if a court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(e)(1); *United States v. Portes*, 786 F.2d 758, 763 (7th Cir. 1985); *United States v. Wilks*, 15 F.4th 842, 846 (7th Cir. 2021). As the Supreme Court has stated, "[in] our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

The Bail Reform Act of 1984 provides the statutory framework for deciding the issue of pretrial detention. According to an accompanying Senate Committee Report, Congress formulated the Bail Reform Act to balance the community's interest in safety and crime reduction with a defendant's interest in liberty by permitting pretrial detention in a limited set of circumstances. *See* S. Rep. No. 98-225, at 7 (1983). Congress also wanted to ensure that "the defendant would be fully informed of the issue before the court, the government would be required to come forward with information to support a finding of dangerousness, and the defendant would be given an opportunity to respond directly." *Id*. at 11. Pursuant to the Bail Reform Act, courts apply 18 U.S.C. § 3142 to determine whether to detain or release a defendant pending trial. The text of 18 U.S.C. § 3142 explicitly outlines the process a court must adhere to in the following order:

(1) Release a defendant on personal recognizance, upon execution of an unsecured appearance bond, or with conditions to assure the appearance of the person and/or the safety of any other person and the community. 18 U.S.C. § 3142(a–c).

(2) Upon motion by the government for detention involving certain types of crimes (such as a crime of violence or a narcotics offense), or upon motion of the government or the

2

judicial officer that the defendant poses a serious risk of flight or will obstruct justice, the judicial officer shall hold a detention hearing to determine whether any combination of conditions will reasonably assure the appearance of the person or the safety of any other person and the community. 18 U.S.C. § 3142(f).

(3) At the detention hearing, the judicial officer shall consider the following factors to determine whether release is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

(4) If, after the detention hearing, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person or the safety of any other person and the community, the judicial officer shall order the detention of the person before trial. 18 U.S.C. § 3142(e).

(5) In a detention order issued under Section 3142(e), the judicial officer shall include written findings of fact and a written statement of reasons for the detention. 18 U.S.C. § 3142(i).

The statutory text, however, does *not* include any provisions that permit a defendant to waive a pretrial detention hearing and subsequently be detained by a court, despite this common practice nationwide. The Seventh Circuit Court of Appeals has also not had occasion to address the authority of a judge to accept a waiver of a detention hearing. Without an explicit provision in the Bail Reform Act or any binding precedent in this Circuit about waivers, the Court examines the issue in order to properly apply and adhere to the text of the Bail Reform Act.

**A. The Statutory Text**

The controlling legal principle in this case is that courts must follow and apply the plain meaning rule. *See Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 476 (1992). "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917); *Lamie v. U.S. Tr.*, 540 U.S. 526, 536

(2004) ("We should prefer the plain meaning since that approach respects the words of Congress."). In giving effect to the meaning of statutes as written, courts must interpret each word to give it its "ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42 (1979); *see also Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."). To determine the ordinary meaning, courts frequently look to definitions in general and legal dictionaries. *See, e.g.*, *Smith*, 508 U.S. at 228–29 (relying on Webster's New International Dictionary and Black's Law Dictionary to define "use"); *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 140 S. Ct. 768, 776 (2020) (using Webster's Seventh New Collegiate Dictionary, Merriam-Webster's Collegiate Dictionary, American Heritage Dictionary, and Black's Law Dictionary to define "actual knowledge"); *Branch v. Smith*, 538 U.S. 254, 264 (2003) (relying on Webster's New International Dictionary and Black's Law Dictionary to define "enact" and "legislate"). The plain meaning principle also holds equally true when courts apply criminal laws. *See United States v. Albertini*, 472 U.S. 675, 680 (1985) ("Courts in applying criminal laws generally must follow the plain and unambiguous meaning of the statutory language.").

The Court's analysis is also guided by a court's duty to follow procedural processes in criminal cases. *See, e.g.*, *Paterno v. Lyons*, 334 U.S. 314, 321 (1948) ("Procedural requirements are essential constitutional safeguards in our system of criminal law. These safeguards should constantly and vigilantly be observed to afford those accused of crime every fair opportunity to defend themselves."); *United States v. Brown*, 333 U.S. 18, 27 (1948) ("The liberty of the individual must be scrupulously protected."). Notably, during criminal proceedings, the court must protect and secure a defendant's rights. *See, e.g.*, *Dennis v. United States*, 339 U.S. 162, 168 (1950) ("[T]he trial court must be zealous to protect the rights of an accused."); *United States v.*

4

*Agee*, 83 F.3d 882, 886 n.5 (7th Cir. 1996) ("[T]he trial court, who has a special duty to ensure that the rights of defendants are not unwittingly and involuntarily waived."); *United States v. Wing*, 104 F.3d 986, 993 (7th Cir. 1997) ("Most importantly, the court has a duty to protect the defendant's rights.") (Eschbach, J., dissenting).

The Court begins its inquiry, as it must, with the text from the relevant subsections of the governing statute, 18 U.S.C. § 3142. Three subsections within 18 U.S.C. § 3142 support this Court's conclusion that the Court cannot accept Defendant's pretrial detention hearing waiver— (1) Section 3142(e) titled Detention, (2) Section 3142(f) titled Detention Hearing, and (3) Section 3142(i) titled Contents of Detention Order. These three operative subsections provide the process for courts to follow in considering the issue of detention pending trial.

### 1. Section 3142(e)

The first subsection is 18 U.S.C. § 3142(e), which applies to detention generally. This subsection mandates that "[i]f, *after a hearing* pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1) (emphasis added). Here, the Court's analysis of Section 3142(e) can begin and end with the language of the statute itself and the plain meaning principle of statutory construction. Subsection (e) is clear that, subject to certain requirements in the statute, a court can detain an individual only *after a hearing*. The Oxford English Dictionary defines "after" as "later in time" or "subsequently." Oxford English Dictionary 231 (2d ed. 1989); *accord* Merriam-Webster's Collegiate Dictionary 23 (11th ed. 2003) (defining "after" as "following in time or place" or "later in time"). It reasonably follows then that a court can only detain a defendant following their

detention hearing. And conversely, without a hearing, a court cannot detain as the detention decision will not have been made "after" a hearing. "Where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (cleaned up). Because the plain language allows pretrial detention only after a hearing, the Court must follow the statute under its unambiguous terms. Detention of any individual without a hearing is not permitted under Section 3142(e).

Moreover, courts should not read language into a statute that is not there, nor read more into the statute than the statutory language naturally supports. *See, e.g.*, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604 (2010) (advising against reading more into a statute "than the statutory language naturally supports," or revising a statute when Congress is free to amend it); *De Soto Sec. Co. v. Comm'r*, 235 F.2d 409, 411 (7th Cir. 1956) ("Courts have no right, in the guise of construction of an act, to either add words to or eliminate words from the language used by congress."). In this case, the statute is clear that a defendant may be detained only "after a hearing." 18 U.S.C. § 3142(e). The relevant statute does not say "without a hearing," "before a hearing," or a defendant may "waive" their hearing. Notably, no portion of 18 U.S.C. § 3142 even implies that a defendant can waive their pretrial detention hearing. If Congress had intended to allow a defendant to waive a pretrial detention hearing, Congress could have included such language in the statute. But because Congress did not do so, the Court will not add a potentially conflicting clause when the statutory language is clear as to how courts should proceed.

### 2. Section 3142(f)

Second, 18 U.S.C. § 3142(f) outlines the scenarios when the government or the judicial officer can request pretrial detention. In particular, Section 3142(f) prescribes that "[t]he judicial officer *shall hold a hearing* to determine whether any condition or combination of conditions set

forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(f) (emphasis added). Under the Bail Reform Act, courts "shall hold" detention hearings in two types of cases. The first is when the case involves an enumerated serious offense outlined in Section 3142(f)(1). The second instance is when "serious" concerns about risk of flight or obstruction of justice are present. 18 U.S.C. § 3142(f)(2). There can be no detention hearing—and therefore no detention— unless a case falls under either 18 U.S.C. § 3142(f)(1) or (f)(2).

In analyzing 18 U.S.C. § 3142(f), principles of statutory construction support the notion that detention hearings are mandatory and cannot be waived. Specifically, subsection (f) uses the language "shall hold a hearing." 18 U.S.C. § 3142(f). When used in a statute, the word "shall" is an imperative command and means something is required. *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (recognizing that "shall" is "mandatory" and "normally creates an obligation impervious to judicial discretion"); *see also* Black's Law Dictionary (11th ed. 2019) (defining "shall," in relevant part, as "[h]as a duty to; more broadly, is required to," and characterizing that usage as "the mandatory sense that drafters typically intend and that courts typically uphold."). In contrast, the word "may" in a statute leaves some discretion to the court. *See United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word "may," when used in a statute, usually implies some degree of discretion."); *see also* Black's Law Dictionary (11th ed. 2019) (defining "may," in relevant part, as "[t]o be permitted to" or "[t]o be a possibility"). As a result, the Court can reasonably infer that Congress' decision to use the word "shall" in 18 U.S.C. § 3142(f) means that a hearing is a mandatory obligation.

Section 3142(f) also emphasizes the urgency and importance of the procedural requirement. Specifically, Section 3142(f) requires that the "hearing shall be held immediately

7

upon the person's first appearance before a judicial officer unless that person, or the attorney for the Government, seeks a continuance." 18 U.S.C. § 3142(f).  Notably, this subsection identifies when a person can be detained without a hearing, stating "[t]he person may be detained pending completion of the hearing." *Id*.; *see also Mitchell v. Doherty*, 37 F.4th 1277, 1289 (7th Cir. 2022) ("We leave for another day whether a longer detention without a bail hearing violates the Constitution.").  Thus, detaining a person indefinitely without a hearing contradicts the statute's only explicit provision on this matter.

Going further, Section 3142(f) requires the government, on the issue of danger to the community, to prove by clear and convincing evidence that no release condition or combination of conditions are available before a court can detain a defendant. 18 U.S.C. § 3142(f); *see also Portes*, 786 F.2d at 764 (explaining the standards that the government must meet to prove danger to the community and risk of flight).  On the issue of risk of flight, the government must meet its burden of proof by a preponderance of the evidence before a court can detain a defendant. *See Portes*, 786 F.2d at 765 ("The statute does not establish the quantum of proof by which the government must establish this risk of flight. We adopt the position taken by the other circuits that congressional silence means acquiescence in the traditional preponderance of the evidence standard.").  If a court allows a defendant to waive his detention hearing, the government need not put forth any evidence to meet its burden of proof, and a judicial officer does not consider any evidence to determine whether a defendant should be detained.  Accepting a waiver of a detention hearing impermissibly bypasses a judicial officer's duty under the statute to hold the government to its burden of proof and make a reasoned decision as to detention. *See Salerno*, 481 U.S. at 751 (explaining that the judicial officer "charged with the responsibility of determining the appropriateness of detention is guided by statutorily enumerated factors").

8

### 3. Section 3142(i)

Third, 18 U.S.C. § 3142(i) identifies the contents of a detention order if pretrial detention is ordered under subsection (e). As the Court has already explained, 18 U.S.C. § 3142(e) uses the language "after a hearing." After the judicial officer conducts the hearing, the judicial officer shall "include written findings of fact and a written statement of the reasons for the detention[.]" 18 U.S.C. § 3142(i)(1). Once again, with the use of the word "shall," this provision is not optional. Instead, the detention order must include two components: (1) written findings of fact and (2) a written statement of the reasons for detention. *Id*. But a waiver is neither a finding of fact nor a reason for detention. As a result, where a defendant is detained without holding a hearing, the judicial officer will not have findings of fact and reasons to detain a defendant. Thus, detaining any individual pretrial without complying with the requirements that must be included in the detention order is inconsistent with the plain text of Section 3142(i).

### B. The Federal Rules of Criminal Procedure

The Federal Rules of Criminal Procedure do not discuss detention hearing waivers but simply direct courts to the provisions in 18 U.S.C. § 3142. *See* Fed. R. Crim. P. 46. However, one provision in the Federal Rules of Criminal Procedure provides some direction. In 1993, Federal Rule of Criminal Procedure 46 was amended to provide additional safeguards to defendants by requiring the government to produce witness statements pursuant to Rule 26.2 for witnesses called at detention hearings. In providing this additional protection, the Advisory Committee Notes state:

> The need for reliable information is no less crucial in a proceeding to determine whether a defendant should be released from custody. The issues decided at pretrial detention hearings are important to both a defendant and the community. For example, a defendant charged with criminal acts may be incarcerated prior to an adjudication of guilt without bail on grounds of future dangerousness which is not subject to proof beyond a reasonable doubt. Although the defendant clearly has an interest in remaining free prior to trial, the community has an equally compelling

9

> interest in being protected from potential criminal activity committed by persons awaiting trial.
>
> In upholding the constitutionality of pretrial detention based upon dangerousness, the Supreme Court in *United States v. Salerno*, 481 U.S. 739 (1986), stressed the existence of procedural safeguards in the Bail Reform Act. The Act provides for the right to counsel and the right to cross-examine adverse witnesses. *See, e.g.*, 18 U.S.C. § 3142(f) (right of defendant to cross-examine adverse witness). Those safeguards, said the Court, are "specifically designed to further the accuracy of that determination." 481 U.S. at 751. The Committee believes that requiring the production of a witness's statement will further enhance the fact-finding process.

Fed. R. Crim. P. 46 Advisory Committee's Note to 1993 Amendment. In light of this additional safeguard, it is hard to imagine that the drafters of these rules anticipated that defendants would be detained without the benefit of a hearing.

Besides Rule 46, the Rules' provisions about waivers generally are instructive. The Federal Rules of Criminal Procedure are explicit about when they permit a defendant to waive a vital right. For example, Rule 5.1 for preliminary hearings includes the following language: "If a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless: (1) the defendant *waives* the hearing . . . ." Fed. R. Crim. P. 5.1(a)(1) (emphasis added). Likewise, Rule 7 for indictments allows a defendant to waive prosecution by indictment "in open court and after being advised of the nature of the charge and of the defendant's rights[.]" Fed. R. Crim. P. 7(b). As another example, Rule 23 outlines the procedure for a defendant to waive their right to a jury trial, by doing so in writing. *See* Fed. R. Crim. P. 23(a).

In contrast, Federal Rule of Criminal Procedure 11 requires the court to hold a hearing to accept a guilty plea. *See* Fed. R. Crim. P. 11(b)(2) ("Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary. . ."). Likewise, Rule 32 requires a hearing before a defendant can be sentenced. *See* Fed. R. Crim. P. 32(i)(4)(A) ("Before imposing sentence, the court must . . . address the

defendant personally"). These hearings cannot be waived. *See, e.g.*, *McCarthy v. United States*, 394 U.S. 459, 463–64 (1969) ("[A] defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11."); *see also United States v. Harris*, 51 F.4th 705, 720 (7th Cir. 2022) (relying on the fact that "a defendant must be present at sentencing"). Similarly, a defendant cannot waive a Rule 5 initial appearance hearing after arrest, nor can a defendant waive an arraignment hearing under Rule 10. Pursuant to other rules, a defendant can only waive his *appearance* at the arraignment hearing with a written waiver as explicitly provided by Federal Rule of Criminal Procedure 10(b). *See* Fed. R. Crim. P. 10(b)(1–3). Rule 43 also requires a defendant's presence at all important stages of criminal proceedings, but allows absence under very specific conditions. *Compare* Fed. R. Crim. P. 43(a) ("[T]he defendant must be present at (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury empanelment and the return of the verdict; and (3) sentencing"), *with* Fed. R. Crim. P. 43(c) ("A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances. . .."). In particular, a defendant may waive continued presence if they are voluntarily absent after trial has begun or voluntarily absent during sentencing in a noncapital case. *See* Fed. R. Crim. P. 43(c)(1)(A–B). Regardless, the hearings discussed, with or without the presence of the defendant, are still held by the court. As reflected above, the Federal Rules of Criminal Procedure are clear as to when waivers are permitted in criminal cases, and the absence of waiver language as to pretrial detention hearings is instructive.

### C. Nationwide Practice

The Court recognizes that courts in this district and nationwide have accepted the practice of allowing a defendant to waive a pretrial detention hearing. *See, e.g.*, *United States v. Coonan*,

826 F.2d 1180, 1184 (2d Cir. 1987) ("But it would serve no purpose to force the parties to go through the motions of a hearing, when the defendant has no liberty interest at stake, does not seek release, and does not wish to expend scarce resources on attorney's fees for a meaningless bail hearing.");[1] *United States v. Roberson*, 547 F. Supp. 3d 560, 565 (N.D. Tex. 2021) ("Defendants can waive a detention hearing under 18 U.S.C. § 3142(f) and essentially choose for themselves to start serving their sentences.");[2] *United States v. Vargas*, 1990 WL 92532, at *1 (E.D. Pa. June 19, 1990) (explaining that "a detention hearing is waivable"). Additionally, some courts have set forth standards that they require prior to accepting a pretrial detention hearing waiver, including that the waiver be knowing and voluntary or signed by the defendant. *See, e.g.*, *United States v. Clark*, 865 F.2d 1433, 1437 (4th Cir. 1989) (allowing a defendant to waive a pretrial detention hearing where a defendant "voluntarily and knowingly waive[s] those rights."); *United States v. Bennett*, 2018 WL 9868534, at *2 (S.D. Ind. Sept. 17, 2018) (denying defendant's motion to rescind signature regarding waiver of detention hearing because "he knowingly and voluntarily waived his right to a detention hearing."). Some courts have gone a step further and created detention hearing waiver forms that can be accessed on the courts' websites (*e.g.*, the Eastern District of Washington, Western District of North Carolina, Southern District of Iowa, and Southern District of Texas).[3]

---

[1] In *Coonan*, the dissent recognized that the majority's approach is at odds with the text of 18 U.S.C. § 3142. 826 F.2d at 1186 (Altimari, J., dissenting). Additionally, the majority's approach disregarded the principle of statutory construction that states, "[w]here statutory language is clear and unambiguous, we are not at liberty to adopt an interpretation different from that directed by the language." *Id.*

[2] The Supreme Court has recognized that the detention of pretrial detainees is unrelated to punishment. *See, e.g.*, *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) ("And, most importantly, pretrial detainees (unlike convicted prisoners) cannot be punished at all"); *Salerno*, 481 U.S. at 746–47 (explaining that pretrial detention is constitutional if it is administrative rather than punitive). Allowing pretrial detention to let an individual begin serving their "sentence," before a guilty plea or a trial is not permissible.

[3]*See, e.g.*, *Waiver of Detention Hearing*, E.D. Wash., https://www.waed.uscourts.gov/sites/default/files/forms/waiver%20of%20detention%20hearing.pdf (last visited October 9, 2023); *Waiver of Detention Hearing/Continuance Request*, W.D.N.C.,

The Court acknowledges that many courts nationwide have allowed these waivers under the principle that any defendant can knowingly and voluntarily waive their constitutional rights, which is the Eighth Amendment's prohibition on excessive bail. *See, e.g.*, *Clark*, 865 F.2d at 1437 ("The Act affords certain rights to defendants through procedural rules and defendants may voluntarily and knowingly waive those rights."); *Waiver of Detention Hearing/Continuance Request*, W.D.N.C. (requiring defendant to confirm that they read the waiver form, understand their right to a detention hearing, and comprehend that by signing the form they are waiving their right). Of course, this Court recognizes defendants can waive their constitutional rights, as long as it is knowing and voluntary.

However, the court respectfully suggests that there are countervailing arguments that caution against permitting waivers of this particular right, besides the plain text of the statute. First, the focus on defendants and their rights is not the only lens by which to analyze this issue. That is, even if a defendant knowingly and voluntarily waives his right to a detention hearing, there continues to be another key actor here—the Court—and another fundamental principle— Congress' directive to courts in the statute that must be followed. A court cannot simply ignore the commands of the statute that mandate a hearing and written findings even when a defendant wishes for a more expedient process. *See Burrage v. United States*, 571 U.S. 204, 218 (2014) ("The role of this Court is to apply the statute as it is written—even if we think some other approach might accord with good policy.") (cleaned up). In a similar context, while a defendant may wish to waive their right to a sentencing hearing under 18 U.S.C. § 3553(a), the statute does not allow

---

https://www.ncwd.uscourts.gov/sites/default/files/forms/Waiver%20of%20Detention%20Hearing.pdf (last visited October 9, 2023); *Waiver of Detention Hearing*, S.D. Iowa, https://www.iasd.uscourts.gov/sites/iasd/files/Waiver%20of%20Detention%20Hearing_1.pdf (last visited October 9, 2023); *Waiver of Detention Hearing*, S.D. Tex., https://www.txs.uscourts.gov/sites/txs/files/Waiver%20of%20Detention%20Hearing_0.pdf (last visited October 9, 2023).

it and courts do not permit it. Even though it may be more efficient, and even though it is the defendant who requests that a court impose a sentence without a hearing, a federal court cannot and will not do. In both situations that involve a deprivation of liberty–detention and sentencing–the result should be no different.

Second, the procedural safeguards in the Bail Reform Act are also essential considerations to be respected and implemented before a defendant's liberty is taken away for months, or possibly years, while waiting for a trial. The United States Supreme Court has recognized the importance of a prompt detention hearing, both in upholding the constitutionality of the Bail Reform Act and in holding that following the time requirements to hold a hearing is compulsory on a court. *See Salerno*, 481 U.S. at 747 ("The arrestee is entitled to a prompt detention hearing[.]"); *see also United States v. Montalvo-Murillo*, 495 U.S. 711, 716 (1990) ("A prompt hearing is necessary, and the time limitations of the Act must be followed with care and precision."). The safeguards provided to a defendant at the prompt hearing include the right to be represented by counsel, to testify, to present witnesses, to cross-examine witnesses, to present information by proffer, to hold the government to its burden of proof, and to require a court to provide a detailed explanation for its detention decision in writing. *See* 18 U.S.C. § 3142(f) & (i). As the Supreme Court explained in *Salerno*, "[i]n a full-blown adversary hearing, the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." 481 U.S. at 750. Thus, even though this Court recognizes that it is the *defendant* that is abandoning these rights by asking for a waiver, courts have an independent obligation and duty to ensure that a defendant's rights are secured. *See United States v. Messino*, 852 F. Supp. 652, 655 (N.D. Ill. 1994) ("Securing an effective waiver, however, does not end the court's obligation to address the situation, because there are independent

14

considerations besides the defendant's waiver that the court must weigh and protect."). For example, courts have an obligation to guard against ineffective counsel in criminal cases or to ensure that the government actually has a legitimate basis for requesting a detention hearing under 18 U.S.C. § 3142(f) and detention under 18 U.S.C. § 3142(g). To be clear, none of those troublesome scenarios occurred here, as both the government and the defendant were represented by experienced and very capable counsel. But as part of the court's inherent duty to secure a criminal defendant's rights, the court must continue to play a role in the detention decision to safeguard against these scenarios. *See Dennis*, 339 U.S. at 168 ("[T]he trial court must be zealous to protect the rights of an accused."). Notably, the accompanying Senate Committee Report to the Bail Reform Act recognized both the "need to protect the integrity of the judicial process" and to have "necessarily stringent safeguards to protect the rights of defendants." S. Rep. No. 98-225, at 7–8. Accordingly, courts should not be in the business of allowing individuals to be imprisoned by agreement of the parties without some measure of judicial scrutiny. Proper procedure is important in criminal cases, particularly when depriving a person of their liberty, and even more important when Congress has spoken and laid out a clear procedure for federal courts to follow.

Third, the Court notes that the Bail Reform Act is clear about what happens to a defendant waiting for trial in the absence of a detention hearing – the defendant should be released. *See* 18 U.S.C. § 3142(b) & (c). Indeed, the expectation in the Bail Reform Act is that a defendant will be released, and only if there are no release conditions available to mitigate risks of nonappearance and danger can a defendant be detained. Thus, to detain an individual without a hearing is inconsistent with both the text and the purpose behind the Bail Reform Act because the statute is designed such that release is the norm in the absence of a hearing.

Finally, when a court accepts a detention hearing waiver, it results in no findings or statement of reasons from the court as to the basis for the detention decision. What actually occurs is that a court simply orders the defendant detained as a result of their waiver of a detention hearing. Not only is this inconsistent with the statutory text, as discussed above, it diminishes the function of courts in ensuring that reasoned decisions are issued for rulings in significant matters. For example, even if both the government and defendant were to ask a federal court to impose an agreed-upon sentence, the court is still obligated by statute to evaluate the sentencing factors under 18 U.S.C. §3553(a) and make a reasoned decision for the imposition of that sentence. Once again, the same concerns apply in pretrial detention hearings as they do at sentencing hearings. In this Court's view, these countervailing arguments, in addition to the statutory text, caution against permitting waivers of detention hearings even though a defendant may generally waive a constitutional right.

### D. Alternative Options

The Court recognizes that when a defendant seeks to waive a pretrial detention hearing without prejudice to raising the issue at a later time, they are doing so for one of two reasons. First, defense counsel often needs more time to investigate conditions of release for the client, such as identifying potential third-party custodians, securing property or cash for a bond, or investigating mental health or substance abuse concerns. That is a legitimate reason to seek more time than the customary three or five days before a detention hearing is held. Accordingly, defense counsel has two alternative procedural options that are in line with the text of 18 U.S.C. § 3142.

Under the first approach, a defendant may move for a continuance of the detention hearing to a later date. Section 3142(f) explicitly allows for a continuance of more than five days for the defendant or three days for the government. Thus, if a defendant demonstrates "good cause," the

16

Court can grant the defendant's request to continue the hearing to a later date. The Bail Reform Act does not identify what constitutes good cause. But in this Court's view, asking for extra time to identify suitable conditions of release, such as locating family members to present as third-party custodians to a court, constitutes good cause.[4] There is no limit to the amount of time a court can give a defendant as long as a good cause showing is made.

Under the second approach, a defendant may proceed to a detention hearing and not object to the government's motion for detention at the hearing. Under the statute, the court must still hear the government's evidence, find that the government has met its burden of proof by either preponderance of the evidence or clear and convincing evidence, and must issue written findings of fact and reasons for the detention. But a defendant has the option to move the court to reopen the detention hearing any time before trial if "the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether they are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Thus, if a defendant cannot commit to being ready for a detention hearing in the near future, the defendant has the option to reopen the detention hearing and make the case for pretrial release at a later time.

The second reason that defendants seek to waive pretrial detention hearings is that they sometimes conclude they do not have credible arguments or appropriate conditions for release. In that event, as suggested above, a defendant can choose not to object to detention at the hearing.

---

[4] In *Clark*, 865 F.2d at 1437, the Fourth Circuit explained, "Defendants' 'waiver' of an immediate detention hearing can be viewed as a request for an indefinite continuance for good cause." But the broad holding in *Clark*, which permits an indefinite continuance without requiring good cause and allows a court to detain a defendant without ever having a hearing, is inconsistent with 18 U.S.C. § 3142. The Court notes that the *en banc* panel's decision in *Clark* was met with a vigorous dissent. Recently, the court in *United States v. Seawell*, 2021 WL 933229, at *1 (E.D.N.C. Mar. 11, 2021) also concluded that "*Clark's* indefinite continuance language conflicts with the text of the Bail Reform Act."

17

This approach is more consistent with the process outlined in the Bail Reform Act than the current practice of waiving detention hearings completely. The Court can then still consider the government's reasons for detention and comply with Section 3142(i) by issuing written findings. Under the statute, a defendant can still seek to reopen the hearing at a later time if they have new information to present to a court in support of release conditions.

The Seventh Circuit has cautioned that "in a system of case law there is a tendency, for a drift away from the language of a statute or a rule, with cases increasingly quoting previous cases rather than returning to the language and purpose of the provision underlying the judge-built superstructure." *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887 (7th Cir. 2004) (cleaned up). Accepting a waiver of a detention hearing is a common court practice nationwide, but this Court respectfully disagrees with the approach. The Court finds that in order to adhere to the text of the Bail Reform Act and its procedural requirements, this Court cannot accept pretrial detention hearing waivers.

## CONCLUSION

For the reasons explained above, the Court declined to accept Defendant's waiver of a detention hearing. The Court granted the government's motion for a detention hearing under 18 U.S.C. § 3142(f)(2) after the government proffered the basis for holding the detention hearing, and the Defendant did not object to holding a hearing. The Court then held the detention hearing and the government proffered the basis for its position that Defendant was a risk of nonappearance and posed a danger to the community. The government's proffered evidence was explained on the record and need not be fully repeated here. In summary, Defendant had been charged with escaping from custody while serving a federal sentence, and the Complaint affidavit in this case provided ample basis to demonstrate that Defendant was a risk of nonappearance. The government

also pointed to an additional sworn search warrant affidavit [4] that outlined threats of violence Defendant had allegedly made to a former romantic partner, together with screen shots of those threats and a picture of a firearm.  According to the government, this evidence supported its argument that defendant's release posed a danger to others in the community.  Defendant did not object to pretrial detention at this time, but reserved their right to request that the detention hearing be reopened at a later time under 18 U.S.C. § 3142(f).  Based on the government's presentation of the evidence, and without objection from the Defendant, the Court found that there were no conditions that could reasonably assure the appearance of the person and the safety of the community and ordered detention, *after* the hearing, under 18 U.S.C. § 3142(e). The Court issued a written order of detention with a statement of reasons [14] consistent with its obligation under 18 U.S.C. § 3142(i).  In this Court's view, the correct procedure was employed.

Dated:  October 11, 2023

_____
Sunil R. Harjani
United States Magistrate Judge